JOHN F. DONNELLY, PLAINTIFF-APPELLANT, v. SUSAN J. DONNELLY, DEFENDANT-COUNTERCLAIMANT-RE-SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 30, 1951—Decided May 11, 1951.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. Louis C. Friedman* argued the cause for plaintiff-appellant (*Messrs. Ward & Friedman,* attorneys).

*Mr. Samuel A. Gennet* argued the cause for defendant-counterclaimant-respondent.

Per Curiam. The husband sued for divorce on the ground of desertion and the wife counterclaimed for divorce on the same ground. The judgment of the Superior Court, Chancery Division, under appeal, dismissed the husband's complaint and granted the wife's counterclaim for divorce; awarded the custody of the infant child of the marriage to the

wife, with visitation rights to the husband; ordered the husband to pay $10 per week to the wife for the support of the child; and ordered the husband to furnish a bond in the sum of $4,000 "conditioned upon the faithful performance of plaintiff's obligations" under the judgment.

 The first contention is that the court erred in failing to find that the wife deserted the husband. Examination of the record discloses that there was conflict in the evidence as to who was the deserter; indeed, this conflict is admitted by the plaintiff. While this court is authorized to make new or amended findings of fact, we are required to give due regard to the opportunity of the trial court to judge of the credibility of the witnesses. *Rules* 1:2–20 and 4:2–6. We are satisfied that there was sufficient evidence to support the trial court's finding that the husband deserted the wife, and see no justification for disturbing it.

The next contention is that the wife's counterclaim should be dismissed because there was no corroboration of her testimony. We find, as did the trial court, ample corroboration in the testimony of other witnesses and in the surrounding circumstances.

 The provision of the judgment which orders the husband to furnish a $4,000 bond must be reversed. The Superior Court may, in its discretion, require reasonable security for the due observance of its order for the support of the child. *R. S.* 2:50–37, as amended, *L.* 1948, *c.* 320, § 25. Here, no application for security was made. However, the court may, on its own motion, require reasonable security when the circumstances of the case warrant it. *Cf. McDonald v. McDonald,* 6 *N. J. Super.* 11 (*App. Div.* 1949). But we find no support in the record for a finding that security is reasonably necessary at this time, and no support for a finding that the amount of security required is reasonable.

The order requiring security is reversed and the judgment, as so modified, is affirmed.